IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2279-PAB-KMT

KATHERINE DINES, an individual

Plaintiff,

v.

TOYS "R" US-DELAWARE, INC., a Delaware corporation,

Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    Scope:  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    Document:  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    Designation of CONFIDENTIAL Information:  Information designated "CONFIDENTIAL" shall be confidential research, development or commercial information, including without limitation, matter that contains nonpublic purchase and/or sales data, trade

secrets, proprietary commercial, financial, technical, research, development, or business information, or any other nonpublic or sensitive information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

      4.      <u>Disclosure of CONFIDENTIAL Information:</u>  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed or used for any purpose except the preparation and trial of this case, except that such information may be disclosed to:

      (a)      attorneys actively working on this case;

      (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c)      parties and officers or employees of the parties required in good faith to provide assistance in the conduct of the litigation;

      (d)      expert witnesses, investigators and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      (f)      witnesses in the action during their depositions or in-court testimony, or witnesses who the document or testimony at issue indicates were authors or recipients of the information at issue;

      (g)      the Court and its employees ("Court Personnel"); and

      (h)      other persons by written agreement of the parties or by further Order of the Court.

5.      Designation of HIGHLY CONFIDENTIAL Information:  Any material that is CONFIDENTIAL as described in Paragraph 3 that a party or nonparty believes should generally not be disclosed to a director, officer or employee of another party may be designated as HIGHLY CONFIDENTIAL. The parties contemplate that HIGHLY CONFIDENTIAL material shall include, *inter alia*, competitively sensitive financial data, current agreements with suppliers and distributors, current and future business plans, and current and future marketing plans and information.

6.      Disclosure of HIGHLY CONFIDENTIAL Information:  HIGHLY CONFIDENTIAL documents, materials, and/or information (collectively "HIGHLY CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed or used for any purpose except the preparation and trial of this case, except that such information may be disclosed to:

(a)      outside counsel at a law firm of record representing a named party in this matter, including all paralegal assistants, secretaries, clerical staff, and/or other employees of the law firm working under the supervision of such counsel;

(b)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(c)      witnesses in the action during their depositions or in-court testimony, or witnesses who the document or testimony at issue indicates were authors or recipients of the information at issue; and

(d)      expert witnesses, investigators and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      Court Personnel; and

(f)      other persons by written agreement of the parties or by further Order of the

Court.

7.      <u>Procedure for Disclosing Designated Information</u>:  Prior to disclosing any

CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person listed above

(other than counsel, persons employed by counsel, Court Personnel, court reporters, their

staffs and professional vendors, and, in the case of CONFIDENTIAL Information, the

parties), counsel shall provide such person with a copy of this Protective Order and obtain

from such person a written acknowledgment, in the form attached as Exhibit A, stating

that he or she has read this Protective Order and agrees to be bound by its provisions.  All

such acknowledgments shall be retained by counsel and shall be subject to in camera

review by the Court if good cause for review is demonstrated by opposing counsel.

8.      <u>Manner of Designation:</u>  The parties shall designate CONFIDENTIAL and

HIGHLY CONFIDENTIAL Information as follows:

(a)      In the case of documents, interrogatory answers, responses to requests to admit,

and the information contained therein, designation shall be made by announcing at the time of

production and by placing or electronically affixing the following legend on each page of such

document prior to production (in a manner that will not interfere with their legibility):

CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(b)      Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY

CONFIDENTIAL Information, the deposition or portions thereof (including exhibits) shall be

designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be subject to the

provisions of this Protective Order.  Such designation shall be made on the record during the

deposition whenever possible, but a party may designate portions of depositions as

CONFIDENTIAL or HIGHLY CONFIDENTIAL after transcription, provided written notice of

4

the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.   <u>Challenging Confidentiality Designations:</u>  A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

10.   <u>Removal of Protected Designation:</u>  Any party who has designated a document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL may remove such document or information from the scope of that protection by notifying all other counsel of its desire to do so.

11.   <u>Inadvertent Failure to Designate</u>:  The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, regardless

of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter. Notification by the producing party of such inadvertent disclosure shall constitute a designation with respect to all copies of the documents or other material containing the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL Information, respectively.  Upon such notice, counsel for the parties shall cooperate to the extent practicable in restoring the confidentiality of the CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.  If CONFIDENTIAL or HIGHLY CONFIDENTIAL Information is disclosed by a producing party subsequent to that producing party's first discovery of an inadvertent or unintentional disclosure, the provisions of this paragraph will not apply to that subsequent inadvertent or unintentional disclosure.

12.     Inadvertent Disclosure of Privileged Materials:  Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information.  Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern the use and treatment of any privileged materials inadvertently disclosed, including obligations of the Receiving Party to promptly return, sequester or destroy the materials. Nothing herein shall prevent the receiving party from challenging the privileged status of any inadvertently or unintentionally produced documents.

13.     Filing Protected Material:  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.  A Party that seeks to file under seal any CONFIDENTIAL or HIGHLY CONFIDENTIAL Information must comply with D.C.COLO.L.Civ.R. 7.2.

14.    <u>Use of Protected Material in Court Proceedings:</u>  In the event that any materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL are used in any court proceeding, said CONFIDENTIAL or HIGHLY CONFIDENTIAL Information shall not lose their status as CONFIDENTIAL or HIGHLY CONFIDENTIAL through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any confidential documents or information used in any court proceedings no later than five (5) days prior to such proceedings.

15.    <u>Final Disposition:</u>  Within sixty (60) days of the completion of all appeals (if any) from the final judgment of this matter, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the party that designated it, or the parties may elect to destroy such documents. Where the parties agree to destroy such documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Notwithstanding the foregoing, outside counsel may retain an archival copy of any pleading and/or attorney work product which contains CONFIDENTIAL or HIGHLY CONFIDENTIAL Information.  Such archival documents shall be retained and treated in accordance with the terms of this Order.

16.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: May 14, 2013

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

## EXHIBIT A

## CERTIFICATION TO RECEIVE CONFIDENTIAL MATERIAL

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Protective Order that

was issued by the United States District Court for the District of Colorado on _____

[date] in the case of *Dines v. Toys "R" Us-Delaware, Inc.* (12-cv-2279-PAB-KMT).

I agree to comply with and to be bound by all the terms of this Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order. I further promise and agree not to use any

information or item that is subject to this Protective Order for any purpose beyond the instant

litigation.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

APPROVED:

HUTCHINSON BLACK AND COOK, LLC

By:  /Justin C. Konrad/_____
William D. Meyer, No. 6562
Christopher W. Ford, No. 28632
Justin C. Konrad, No. 38002
921 Walnut Street, Suite 200
Boulder, CO 80302
Phone: (303) 442-6514
Fax: (303) 442-6593
meyer@hbcboulder.com
ford@hbcboulder.com
konrad@hbcboulder.com

Attorneys for Plaintiff Katherine Dines


MORGAN, LEWIS & BOCKIUS LLP


By:  /Jason C. White/_____
Jason C. White
77 West Wacker Dr.
Chicago, IL 60601-5094
jwhite@morganlewis.com

Kristin H. Altoff
1111 Pennsylvania Avenue, NW
Washington, DC 20004
kaltoff@morganlewis.com


Attorneys for Defendant Toys "R" Us-Delaware, Inc