**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 12-cv-02279-PAB-KMT | Date: | August 14, 2013 |
| Courtroom Deputy: | Sabrina Grimm | FTR: | Courtroom C-201 |

KATHERINE DINES, an individual,                                William Meyer

    Plaintiff,

v.

TOYS "R" US, INC., a Delaware corporation,                Jason White

    Defendant.

## COURTROOM MINUTES

**Motion Hearing**

**1:19 p.m.        Court in session.**

Court calls case.  Appearances of counsel.

Discussion and argument regarding "Hunk-Ta-Bunk-Ta" trademark, and discovery of documents pertaining to TRU database, removal of "Hunk-Ta-Bunk-Ta" trademark from products, and third party relationships with TRU.

Court finds Defendant's initial disclosures inadequate.

**ORDERED:  Defendant is directed to produce its initial disclosures, including the original list of document topics together with <u>all</u> documents encompassed by each topic and identified as such, in one consolidated package, to plaintiff on or before August 21, 2013.**

**ORDERED:  Plaintiff's Motion to Compel Interrogatory Responses and Production of Documents, and for Sanctions [37] is GRANTED IN PART AND DENIED IN PART, as follows:**

**The court finds that Defendant's failure to search the TRU product database for information responsive to the discovery requests to be inexcusable.  The court directs the defendant to search the database, along with searching more thoroughly as discussed in court, with respect to each discovery request from plaintiff and to supplement its responses**

**and disclosures with the non-privileged, relevant and responsive information found.**

    **1)    As to interrogatories 1, 2, 9, 10, 11, and 12, the motion is granted as stated on record and defendant is directed to supplement the interrogatories, on or before September 11, 2013;**

    **2)    As to request for production 3, 4, 7, 11, and 13, to the extent there are any supplemental discovery documents, defendant is directed to produce them to plaintiff on or before September 11, 2013;**

    **3)    The motion is denied as to request for production 1, 5, and 22, as stated on record;**

    **4)    With request to requests for production 8, 9, 12, and 14, the motion is granted, however the information requested will be contained as part of the other discovery ordered herein;**

    **5)    The defendant has fully responded to requests for production 15 and 16, however such compliance was only rendered after the Motion to Compel was filed.**

**ORDERED:  The court finds that Defendant's conduct in not engaging in thorough searching for relevant requested discovery, even after Plaintiff's good faith attempt to resolve any issues with the discovery requests, necessitated the filing of the motion to compel and resulted in the unnecessary waste of Plaintiff's resources and the court's time. The inaction of the Defendant was not justified. Therefore, pursuant to Fed. R. Civ. P. 37(a)(5)(B), Plaintiff is awarded as a sanction its reasonable expenses incurred in making the motion, including attorney's fees. Plaintiff is directed to submit its accounting for reasonable costs associated with the preparation and presentation of the motion, including attorney's fees, on or before August 19, 2013. Any objections to the reasonableness of the amount claimed shall be filed on or before August 30, 2013.**

**ORDERED:  Due to the delay in the Plaintiff receiving relevant and responsive discovery from the Defendant, the court finds the schedule for remaining discovery in the case must be extended. The Scheduling Order deadlines are extended as follows:**

    **Discovery cut off:    February 20, 2014**
    **Dispositive Motions:    March 20, 2014**
    **Disclosure of Affirmative Experts: December 20, 2013**
    **Disclosure of Rebuttal Experts:    January 20, 2014**

**ORDERED:  The Final Pretrial Conference is VACATED and RESET as a Telephonic Final Pretrial Conference on May 20, 2014 at 10:00 a.m.  The parties shall initiate a conference call and contact chambers at 303-335-2780 at the time of the Final Pretrial Conference.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

In connection with outstanding discovery requests which are not currently before the court, Defendant's counsel states that he will provide the names of individuals associated with the "Private Label Team" to Plaintiff's counsel on or before August 16, 2013.

**3:57 p.m.      Court in recess.**

Hearing concluded.
Total in-court time    02:38

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.