IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–02279–PAB–KMT

KATHERINE DINES, an individual,

    Plaintiff,

v.

TOYS "R" US, INC., a Delaware corporation,

    Defendant.

## ORDER

This matter is before the court on this court's order issued August 14, 2013 awarding Plaintiff, pursuant to Fed. R. Civ. P. 37(a)(5)(B), its reasonable expenses incurred in making a motion to compel, including attorney's fees. (Minutes [Doc. No. 49] at 2.) Pursuant to the court's order the Plaintiff submitted the "Affidavit of William D. Meyer Concerning Attorneys Fees and Costs Incurred in Connection with Motion to Compel" [Doc. No. 48] ("Affidavit") on August 15, 2013. Defendant filed a Response to the Affidavit on August 30, 2013 [Doc. No. 50] and Plaintiff filed a Reply on September 11, 2013 [Doc. No. 54].

The only issue for resolution at this stage is the reasonableness of the amount of fees and costs claimed by the Plaintiff pursuant to the court's sanction order. The Plaintiff claims reimbursement for 28.9 hours of legal work at a rate of $330.00 per hour plus expenses incurred of $33.90 and requests reimbursement in the amount of $9,570.90.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended . . . multiplied by a reasonable hourly rate" which will result in what is commonly called the loadstar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. "To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)

The party seeking an award of fees should submit specific evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). "A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." *Id*.; *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.' ") (quotation omitted).

[2]

Once the court has adequate time records before it, it must then ensure that the attorneys requesting fees have exercised reasonable billing judgment under the circumstances of the case. *Id*. "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id; see also Hensley*, 461 U.S. at 434, 437 (counsel are expected to exercise their billing judgment, "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.")

When a court examines the specific tasks listed by an attorney claiming fee reimbursement, the court must first determine if the fees are properly chargeable under the circumstances of the case and then whether the number of hours expended on each task is reasonable. *Id*. Among the factors to be considered are: (1) whether the tasks being billed would normally be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers. *Robinson*, 160 F.3d at 1281. "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id*.

The Tenth Circuit has also opined that "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1203 (10th Cir. 1986) (reduction in fees appropriate due to inexperience of an attorney which led to over-billing).

[3]

*ANALYSIS*

      A.      *Hourly Billing Rate for William D. Meyer*

Mr. Meyer attached his resume to the Affidavit [Doc. No. 48-1]. Mr. Meyer has been a practicing attorney for over forty years after graduating magna cum laude from the University of Michigan Law School. He is admitted to practice in numerous federal courts and the Colorado state courts and he is associated with dozens of associations, consortiums and programs. Mr. Meyer has been a member of his current law firm since 1975. Mr. Meyer is well-known to this court as an accomplished and experienced federal court lawyer.

Multiple opinions of the judges of this Court in recent years have approved hourly rates in the same general rate category as the $330 per hour requested by Plaintiff for attorneys of similar or lesser qualifications handling complex commercial cases of this type. *See, e.g. Jankovic v. Exelis, Inc*., Case No. 12-cv-01430-WJM-KMT, 2013 WL 1675936 (D. Colo. April 17, 2013)(approving rate of $430.00 per hour); *Watson v. Dillon Companies, Inc*., Case No. 08-cv-00091-WYD-CBS, 2013 WL 4547521, *2 (D. Colo. August 28, 2013)( approving rate of $550.00 per hour for lead attorney and rates averaging $275.50 per hour for associate attorneys) ; *Biax Corp. v. NVIDIA Corp*., Case No. 09-cv-01257-PAB-MEH, 2013 WL 4051908 (D. Colo. August 12, 2013) (relying on 2010 National Law Journal ("NLJ") billing survey showing Denver firms billed between $285 and $810 per hour for partners; approving rates of over $700 per hour for partners with comparable experience to Mr. Meyer); *Home Design Servs. v. Collard Props., LLC*, 110cv000011-MSK-BNB, 2012 WL 2862881, *3 (D. Colo. July 11, 2012)(approving rate of $395.00 per hour for lead attorney).

[4]

Mr. Meyers' rate of $330.00 per hour is reasonable for Denver attorneys practicing in this time period in Denver, Colorado with comparable experience.

### B.     *Hours for Which Compensation is Requested*

Plaintiff requests compensation for 28.9 hours incurred in preparing and filing the Motion to Compel, the Reply and for preparing for and attending the hearing.   Mr. Meyer has documented specific daily time entries to support his request.   The entries reveal a billing of 12.8 hours of time spent in preparing for the hearing, traveling to the hearing and participating in the hearing.   The court finds that this time is excessive under the circumstances, especially given the time spent on preparing for and filing the Reply; to wit, 10.3 hours.   Therefore, the court will disallow 6.8 hours of the requested time associated with preparing for and attending the hearing.

The court finds that the reasonable amount of attorney time spent in connection with the Motion to Compel is therefore 22.10 hours.   Therefore, the reasonable attorney fees incurred in making the Motion to Compel are $7,293.00.

### C.     *Expenses*

Plaintiff's counsel claims $33.90 in expenses for parking and travel to Denver from his office in Boulder, Colorado.   The components of this request are not set forth.   However, the court finds that these expenses are reasonable given the round trip distance counsel was required to travel, the price of fuel and other automobile related expenses and the court's knowledge of daily parking rates in and around the U.S. Courthouse in Denver.

It is **ORDERED**:

The plaintiff is awarded her reasonable and necessary attorneys' fees and costs in the amount of $7,326.90 in connection with preparing, filing and arguing her Motion to Compel [Doc. No. 37]; and

Defendant shall file proof of full payment in the amount of $7,326.90 to Plaintiff on or before February 7, 2014.

Dated this 17th day of January, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge